Judge Ewing
delivered the Opinion of the Court.
This is an action brought by appeal from a justice, into the Circuit Court, in which Wilson sued McMillen for the half of the price of a division fence between them.
In 1802, the Trustees of the town of Cynthiana passed a by-law in the following words:—
“Resolved, that when any person or persons shall join a fence to any person that has already or shall hereafter put up a fence, that the person joining fences with the other, shall be compelled to pay one half of the value of the fence that he joins to, as far as he joins the same; and that if any person or persons refuse, the amount may be recovered by application to any justice or court having cognizance of the same.”
McMillen had a lot, in said town, adjoining the lot of Wilson, and between which, there was an old partition fence, against which partition fence, the side lines of McMillen’s fence abutted. It was also joined, in the same way, by a partition fence of McMillen running parallel with his side lines, through the centre of his lot.
Wilson pulled down the old partition fence,without the privity or consent of McMillen, and ereGted a new plank fence, on the ground occupied by the old fence, and joining it, as the old fence did, to the ends of the side lines, ■and the partition line of McMillen’s fence.
The amount paid by him, for erecting said new fence, being proved, and his title to the lot established, and the testimony, detailing the above facts, on the part of the plaintiff, being fmished-the counsel for the defendant moved the court to instruct the jury to find for the defendant. The court refused the instruction, and thereupon, verdict *155 and judgment was rendered for the plaintiff, and this refusal of the court, presents the only question which we regard as necessary to determine in this case.
We do not feel disposed to extend the ordinance of the trustees beyond its letter. Construing it according to its letter, McMillen was not liable to Wilson’s action. He did not join his fence to Wilson’s. He remained passive, and Wilson electing to remove an old fence, erected a fine plank fence in its place, and joined that fence to McMillen’s. Had McMillen elected, after the erection of the fine fence, to run his fences so as to join it, and by his own voluntary act, had thus availed himself of the benefit of the partition fence, he might have been made liable to pay for half of it. But he did not do so. It would seem strange then, if the voluntary act of another without his participation, privity or consent, could render him liable, against his will, for the half of any new fence which he,because he happened to adjoin him,should feel disposed to erect, for the security or ornament of his own grounds. Such is not our interpretation of the ordinance.
Such interpretation might do manifest injustice to the poor occupant who happened to adjoin a more wealthy neighbour. For if a recovery can be had at all,under such circumstances, by the express words of the ordinance, the one half of the value of the fence, no matter what may be its value, may be recovered.
When you make the liability depend on his own election and agency in joining his fence to his neighbour, you thereby enable him to avoid his responsibility, if he is unable or unwilling to pay for so valuable a fence. He is left free by the ordinance, as we conceive,and may join or may not join, or may enclose his lot with a crooked or other less costly fence, or may permit his grounds to lie uninclosed.
There is nothing in the proof in this case, which would authorize a recovery on common law principles, growing out of the relation of vicinage.
It is therefore considered by this Court, that the judgment of the Circuit Court be reversed, and the cause remanded, that a new trial may be granted.